

# CORPORATE CREATIONS®
Registered Agent • Director • Incorporation

**Corporate Creations Network Inc.**
11380 Prosperity Farms Road #221E, Palm Beach Gardens, FL 33410

A'VIANDS, LLC
Angela Anderson
Elior, Inc.
1751 W Co Road B, Suite 300
Roseville   MN   55113

08/02/2019

# SERVICE OF PROCESS NOTICE

The following is a courtesy summary of the enclosed document(s). **ALL information should be verified by you.**

Item: 2019-430

Note: Any questions regarding the substance of the matter described below, including the status or how to respond, should be directed to the contact set forth in line 12 below or to the court or government agency where the matter is being heard. IMPORTANT: All changes or updates to the SOP contact individuals or their contact information must be submitted in writing to SOPcontact@corpcreations.com. Any changes will become effective upon written confirmation of Corporate Creations.

| | | |
|---|---|---|
| 1. | **Client Entity:** | A'VIANDS, LLC |
| 2. | **Title of Action:** | Augsburg University, fka Augsburg College vs. A'Viands, LLC |
| 3. | **Document(s) Served:** | Summons<br>Complaint and Demand for Trial by Jury |
| 4. | **Court/Agency:** | Hennepin County District Court |
| 5. | **State Served:** | Minnesota |
| 6. | **Case Number:** | N/A |
| 7. | **Case Type:** | Negligence/ Property Damage |
| 8. | **Method of Service:** | Hand Delivered |
| 9. | **Date Received:** | Thursday 8/1/2019 |
| 10. | **Date To Client:** | Friday 8/2/2019 |
| 11. | **# Days When Answer Due:** 20<br>**Answer Due Date:** 08/21/2019 | CAUTION: Client is solely responsible for verifying the accuracy of the estimated Answer Due Date. To avoid missing a crucial deadline, we recommend immediately confirming in writing with opposing counsel that the date of the service in their records matches the Date Received. |
| 12. | **SOP Sender:**<br>(Name, City, State, and Phone Number) | Alyssa J. Endelman<br>Southfield, MI<br>(248) 549-3900 |
| 13. | **Shipped To Client By:** | Email Only with PDF Link |
| 14. | **Tracking Number:** | |
| 15. | **Handled By:** | 241 |
| 16. | **Notes:** | None. |

NOTE: This notice and the information above is provided for general informational purposes only and should not be considered a legal opinion. The client and their legal counsel are solely responsible for reviewing the service of process and verifying the accuracy of all information. At Corporate Creations, we take pride in developing systems that effectively manage risk so our clients feel comfortable with the reliability of our service. We always deliver service of process so our clients avoid the risk of a default judgment. As registered agent, our role is to receive and forward service of process. To decrease risk for our clients, it is not our role to determine the merits of whether service of process is valid and effective. It is the role of legal counsel to assess whether service of process is invalid or defective. Registered agent services are provided by Corporate Creations Network Inc.

EXHIBIT A

**FORM 1. SUMMONS**

| | |
|---|---|
| **State of Minnesota** | **District Court** |
| **County of Hennepin** | **Fourth Judicial District** |

AUGSBURG UNIVERSITY, f/k/a
AUGSBURG COLLEGE,

Court File Number: _____
Case Type: Property Damage

       Plaintiff,

vs.

**Summons**

A'VIANDS, LLC

      Defendant.

THIS SUMMONS IS DIRECTED TO A'VIANDS, LLC.

 1. **YOU ARE BEING SUED**. The Plaintiff has started a lawsuit against you. The Plaintiff's Complaint against you is attached to this summons Do not throw these papers away. They are official papers that affect your rights. You must respond to this lawsuit even though it may not yet be filed with the Court and there may be no court file number on this summons.

 2. **YOU MUST REPLY WITHIN 20 DAYS TO PROTECT YOUR RIGHTS.** You must give or mail to the person who signed this summons **a written response** called an Answer within TWENTY (20) days of the date on which you received this Summons. You must send a copy of your Answer to the person who signed this summons located at:

Denenberg Tuffley, PLLC

28411 Northwestern Hwy, Suite 600

Southfield, MI 48034

 3. **YOU MUST RESPOND TO EACH CLAIM.** The Answer is your written response to the Plaintiff's Complaint. In your Answer you must state whether you agree or disagree with each paragraph of the Complaint. If you believe the Plaintiff should not be given everything asked for in the Complaint, you must say so in your Answer.

 4. **YOU WILL LOSE YOUR CASE IF YOU DO NOT SEND A WRITTEN RESPONSE TO THE COMPLAINT TO THE PERSON WHO SIGNED THIS SUMMONS.** If you do not Answer within TWENTY (20) days, you will lose this case. You will not get to tell your side of the story, and the Court may decide against you and award the Plaintiff everything asked for in the complaint. If you do not want to contest the claims stated in

EXHIBIT A

the complaint, you do not need to respond.  A default judgment can then be entered against you for the relief requested in the complaint.

**5. LEGAL ASSISTANCE.** You may wish to get legal help from a lawyer. If you do not have a lawyer, the Court Administrator may have information about places where you can get legal assistance. **Even if you cannot get legal help, you must still provide a written Answer to protect your rights or you may lose the case.**

**6. ALTERNATIVE DISPUTE RESOLUTION.** The parties may agree to or be ordered to participate in an alternative dispute resolution process under Rule 114 of the Minnesota General Rules of Practice.  You must still send your written response to the Complaint even if you expect to use alternative means of resolving this dispute.

**7. To be included only if this lawsuit affects title to real property:**

THIS LAWSUIT MAY AFFECT OR BRING INTO QUESTION TITLE TO REAL PROPERTY located in Hennepin County, State of Minnesota, legally described as follows:

720 22nd Avenue S

Minneapolis, MN 55454

The object of this action is negligence and breach of contract of Defendant.

Plaintiff's attorney's signature          7/18/2018

Alyssa J. Endelman, MN 0325041          Dated

PROPERTY DAMAGE

STATE OF MINNESOTA                                   DISTRICT COURT

COUNTY OF HENNEPIN                          FOURTH JUDICIAL DISTRICT

---

AUGSBURG UNIVERSITY, f/k/a AUGSBURG
COLLEGE,

          Plaintiff,

                                        Court File No.:

v.                                                   Judge:

A'VIANDS, LLC

          Defendants.

---

## COMPLAINT AND DEMAND FOR TRIAL BY JURY

Now Comes Plaintiff AUGSBURG UNIVERSITY f/k/a AUGSBURG COLLEGE, by and through its counsel DENENBERG TUFFLEY, PLLC, and for its Complaint, states as follows:

### PARTIES AND VENUE

1.    Plaintiff Augsburg University f/k/a Augsburg College (hereinafter "Augsburg") is a Minnesota Nonprofit Corporation with its principal address located at 2211 Riverside Avenue, Minneapolis, Minnesota, 55454, and with a registered office at 2211 Riverside Avenue, Minneapolis, Minnesota, 55454.

2.    Upon information and belief, Defendant A'viands, LLC, (hereafter "A'viands") is a Minnesota Limited Liability Company with its principal place of business located at 1751 W County Rd B, #300, Roseville, Minnesota, 55113, and with a registered office at 5200 Wilson Road #150, Edina, Minnesota, 55424.

---

EXHIBIT A

3.    The incident which serves as the basis of this Complaint occurred at Augsburg's property commonly known as the Christensen Center, located 720 22nd Avenue South, Minneapolis, Minnesota, 55454.

4.    The amount in controversy exceeds the jurisdictional limit of the Court exclusive of costs, interest and attorney fees.

## **FACTUAL ALLEGATIONS**

5.    Plaintiff hereby incorporates paragraphs 1 through 4 of its Complaint as if stated fully herein.

6.    Augsburg owns and operates the property commonly known as the Christensen Center, located 720 22nd Avenue South, Minneapolis, Minnesota, 55454 (hereinafter "the Christensen Center")

7.    On or around June 6, 2008, Augsburg and A'viands entered into a contract known as the Augsburg College Dining Service Contract with effective dates of May 31, 2008 through May 31, 2013. The contract was amended and extended from time and was in effect on and as of January 27, 2017. (See Exhibit 1)

8.    Pursuant to the Dining Service Contract, A'viands was required to run the Dining Services Program, which among other things, included food purchase and production, quality control, human resources management (hiring, training, development, dismissal, etc.), and the financial management of the dining service program in designated areas located on premises of Augsburg.

9.    Pursuant to the Dining Service Contract, Augsburg was required to make facilities, including a washer and dryer (hereinafter "the subject dryer") available to A'viands and A'viands was required to contract for and/or otherwise provide for its own laundry services.

2

10.     Upon information and belief, on or around January 27, 2017, A'viands, by and through its agents or employees, used towels or rags (hereinafter "the subject rags") to wipe up oils.

11.     Upon information and belief, on January 27, 2017, A'viands, by and through its agents or employees, washed the subject rags in the on-site washer and then placed them into the subject dryer.

12.     Upon information and belief, on January 27, 2017, A'viands, by and through its agents or employees, ran the subject dryer between 8:00 and 8:30 p.m. upon, or shortly before closing up kitchen operations for the evening.

13.     On January 27, 2017, a fire occurred in the room containing the washer and subject dryer (hereinafter the "room of origin").

14.     A subsequent investigation revealed that the fire originated in the subject dyer located in the room of origin.

15.     As a direct and proximate result of the fire, Augsburg sustained property and related damages in the amount of $1,325,941.49.

## COUNT I
## NEGLIGENCE AND/OR GROSS NEGLIGENCE BY A'VIANDS

16.     Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 15 as if fully stated herein.

17.     Defendant A'viands operated the Dining Service Program at the Christensen Center.  Defendant A'viands owed a duty to perform that work in a safe, skillful, workmanlike, prudent and proper manner and in accordance with all applicable ordinances, statutes, regulations, industry standards of care as reasonably expected of food service operators.

3

18.     In providing these services, Defendant A'viands was under an obligation of due care for the safety and protection of the property, to observe all applicable statutes, codes, protocols, regulations, policies and procedures, and to meet and/or exceed industry standards.

19.     Defendant A'viands breached its duties owed to Augsburg through the following acts and/or omissions constituting negligence and/or gross negligence, including, but not limited to:

a.     Failing to properly clean oil from the subject rags prior to placing them in the subject dryer;

b.     Failing to properly handle oil and/or clean the subject rags in accordance with all applicable ordinances, statutes, regulations, industry standards and manufacturer instructions/warnings;

c.     Failing to properly train and/or warn employees in how to properly handle oil and/or clean the subject rags in accordance with all applicable ordinances, statutes, regulations, industry standards and manufacturer instructions/warnings;

d.     Exhibiting reckless disregard as to whether injury to property would occur;

e.     Willfully endangering the public and Augsburg's property by its acts and/or omissions;

f.     Exhibiting greater than ordinary negligence;

w.     Failing to take all other necessary and reasonable precautions to prevent such loss and damage sustained by Augsburg; and

x.     Any other allegations of negligence which may become known through the course of discovery.

20.     As a direct and proximate result of Defendant A'viands' negligence, Augsburg suffered losses and damages, as set forth above.

WHEREFORE, Augsburg hereby demands judgment against Defendant A'viands in $1,325,941.49, plus, costs interest and attorney's fees.

4

## COUNT II
## BREACH OF CONTRACT AGAINST A'VIANDS

21.      Plaintiffs hereby reallege and incorporate by reference paragraphs 1 through 20 as if fully stated herein.

22.      Prior to January 27, 2017, Defendant A'viands entered into the Augsburg College Dining Service Contract in which it was required to run the Dining Services Program, which among other things, included food purchase and production, quality control, human resources management (hiring, training, development, dismissal, etc.), and the financial management of the dining service program in designated areas located on premises of Augsburg.

23.      Defendant A'viands further agreed, expressly or impliedly, to be responsible for and properly perform its work, as well as to be responsible, indemnify, and hold Augsburg harmless for any and all damages and losses arising directly or indirectly from Defendant A'viands' performance of work.

24.      Defendant A'viands breached its express and/or implied promises, the specific acts and omissions of which are set forth in more detail above, as well as refusing to relieve, hold harmless and indemnify Augsburg for damages arising from the performance of work.

25.      As a direct and proximate result of Defendant A'viands' breach of the College Dining Service Contract, Augsburg suffered losses and damages, as set forth above.

WHEREFORE, Augsburg hereby demands judgment against Defendant A'viands in $1,325,941.49, plus, costs interest and attorney's fees.

5

Respectfully submitted,

Dated: July 18, 2019

**DENENBERG TUFFLEY, PLLC**

By: _____

Alyssa J. Endelman (#0325041)
Matthew R. Cohen (pending *pro hac vice*)
Attorneys for Plaintiffs
28411 Northwestern Highway, Suite 600
Southfield, MI 48034
(248) 549-3900 telephone
(248) 593-5808 facsimile

## ACKNOWLEDGMENT

The undersigned hereby acknowledges that costs, disbursements and reasonable attorney and witness fees may be awarded pursuant to Minn. Stat. Sec. 549.211, Subd. 2, to the party against whom the allegations in this pleading are asserted.

Pursuant to Minn. Stat. Sec. 543.22, all civil cases are subject to Alternative Dispute Resolution (ADR) processes, with certain exceptions, pursuant to Rule 114 Minnesota General Rules of Practice. Further information regarding ADR is available from the court administrator.

**DENENBERG TUFFLEY, PLLC**

Dated: July 18, 2019

By: _____

Alyssa J. Endelman (#0325041)
Matthew R. Cohen (pending *pro hac vice*)
Attorneys for Plaintiffs
28411 Northwestern Highway, Suite 600
Southfield, MI 48034
(248) 549-3900 telephone
(248) 593-5808 facsimile

6

PROPERTY DAMAGE

STATE OF MINNESOTA

DISTRICT COURT

COUNTY OF HENNEPIN

FOURTH JUDICIAL DISTRICT

AUGSBURG UNIVERSITY, f/k/a AUGSBURG COLLEGE,

        Plaintiff,

v.

        Court File No.:
        Judge:

A'VIANDS, LLC

        Defendants.

---

### JURY DEMAND

Now Comes Plaintiff AUGSBURG UNIVERSITY f/k/a AUGSBURG COLLEGE, by and through its counsel DENENBERG TUFFLEY, PLLC, and hereby demands a trial by jury in this matter.

Respectfully submitted,

Dated: July 18, 2019

**DENENBERG TUFFLEY, PLLC**

By: _____
Alyssa A. Endelman (#0325041)
Matthew R. Cohen (pending *pro hac vice*)
Attorneys for Plaintiffs
28411 Northwestern Highway, Suite 600
Southfield, MI 48034
(248) 549-3900 telephone
(248) 593-5808 facsimile

7

EXHIBIT A

AUG 0 1 2019